IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK RICHARDS WHITE, et al.,

      Plaintiffs,                      No. CIV S-10-3303 KJM DAD PS

    v.

JACK LEMENDOLA,                    <u>ORDER</u>

      Defendant.

_____/

      Plaintiffs Derrick White and Anaiya Richards are proceeding pro se with this action. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

      A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Plaintiffs have submitted a single application to proceed in forma pauperis. (Doc. No. 2.) The court is unable to determine from that application if the financial information provided therein reflects the financial information of one or both plaintiffs. Moreover, the application indicates that at least one plaintiff receives "Social Security Disability" benefits, but the amount of those benefits received is not reported on the application submitted.

1  (Id.) Finally, each plaintiff must file their own separate application to proceed in forma pauperis,
2  since filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in
3  forma pauperis. The in forma pauperis application filed on December 9, 2010, will therefore be
4  dismissed without prejudice to refiling, if such refiling is appropriate in light of the deficiencies
5  found by the court with respect to plaintiffs' complaint addressed below.

6  Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any
7  time if the court determines that the pleading is frivolous or malicious, fails to state a claim on
8  which relief may be granted, or seeks monetary relief against an immune defendant. Here,
9  plaintiffs' complaint alleges that defendant Dr. Jack Lemendola was negligent in treating plaintiff
10 Anaiya Richards. (Compl. (Doc. No. 1) at 6.) The complaint also states that plaintiff Anaiya
11 Richards is the minor child of plaintiff Derrick White. (Id. at 4-6.) As noted above, plaintiffs are
12 proceeding pro se. The right to represent oneself pro se is personal to the plaintiff and does not
13 extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also
14 Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria
15 persona has no authority to represent anyone other than himself.") Thus, "a parent or guardian
16 cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of
17 San Diego, 114 F.3d 874, 877 (9th Cir. 1997). "'[I]t is not in the interest of minors . . . that they
18 be represented by non-attorneys. Where they have claims that require adjudication, they are
19 entitled to trained legal assistance so their rights may be fully protected.'" Id. at 876-77 (quoting
20 Osei-Afriyie v. Medical College, 937 F.2d 876, 882-83 (3d Cir. 1991)). In this regard, plaintiff
21 Anaiya Richards must be represented by retained counsel if this action is to proceed on her
22 behalf.

23 Turning to the substance of the complaint, "[f]ederal courts are presumed to lack
24 jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d
25 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546
26 (1986)). Federal courts are courts of limited jurisdiction and may adjudicate only those cases

authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.  Lack of subject matter jurisdiction may be raised by the court at any time.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiffs' complaint asserts that this court has diversity jurisdiction over plaintiffs' state law claims.  (Compl. (Doc. No. 1) at 3.)  However, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332.  See also Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). "Generally, the amount in controversy is determined from the face of the pleadings." Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000).  Plaintiffs' complaint does not allege an amount in controversy and therefore it is not apparent that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Moreover, "[d]iversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).  "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir.1986).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . .  A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  See, e.g., Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957)

("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile.").  A number of factors are relevant in determining an individual's domicile, including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.  Lew, 797 F.2d at 750.  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. . . . [and] a person's old domicile is not lost until a new one is acquired."  Id.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857.  Here, in their complaint plaintiffs do not allege the state citizenship of either themselves or of defendant Dr. Jack Lemendola.  In this regard, it is not apparent that there is complete diversity between the parties.

        The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").  In light of plaintiffs' failure to allege either the amount in controversy or the diversity of citizenship

necessary for this court to exercise jurisdiction under 28 U.S.C. § 1332, their complaint will be dismissed without prejudice. Plaintiffs will be granted leave to file an amended complaint if they wish to cure the defects noted above. Plaintiffs are cautioned however that, if they elect to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that any amended complaint they elect to file in this action must be complete in itself without reference to prior pleadings that have been dismissed. See Local Rule 220. The court cannot refer to prior pleadings in order to make plaintiffs' first amended complaint complete. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, any amended complaint must set forth factual allegations describing the conduct and events which underlie the claims against each defendant named in the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' December 9, 2010 application to proceed in forma pauperis (Doc. No. 2) is denied without prejudice to refiling of such applications by each plaintiff wishing to properly proceed with this action;

2. The complaint filed December 9, 2010 (Doc. No. 1) is dismissed with leave to amend;

3. Within forty-five (45) days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

/////

4. If plaintiffs' elect to file an Amended Complaint, each plaintiff shall file a complete motion to proceed in forma pauperis together with the amended complaint;

5. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: June 6, 2011.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\white3303.ord